## SAWYER v. PATTERSON.

1. An order setting aside a judgment, on condition that the defendant "would not plead matter in abatement, or the statute of limitations," is not confined to the declaration then on file, but applies equally to an amended declaration.

Error to the Circuit Court of Talladega.

Assumpsit, by the defendant in error, as assignee of a promissory note. The plaintiff by leave of the court, was permitted to amend his declaration, by adding the words to the description of the note, " with interest from date," and thereupon filed an amended declaration, to which the defendant pleaded two pleas, *non assumpsit*, and the statute of limitations of six years.

The plaintiff then called the attention of, the court to a former order in the cause, by which a judgment by default was set aside, and the defendant allowed to plead, on condition that he would not plead matter in abatement, or the statute of limitations, which condition was accepted, and thereupon, and to give effect to this condition, rejected the plea of the statute of limitations, and the defendant excepted.

This is now assigned as error.

S. F. RICE, for the plaintiff in error.

1. Whenever a new declaration is filed, or a material amendment made to an old declaration, the case is to be regarded as a *new case*, so far as to allow the defendant to plead to the new case thus made by such altered declaration, without regard to any agreement made whilst the old declaration was of force.

2. When an agreement not to plead the statute of limitations is made, such an agreement must be held to extend *only to the declaration then on file*, and to the case then made by the declaration then on file. Such agreement will not be construed to debar the defendant from filing such plea to an amended declaration, provided the plaintiff afterwards voluntarily materially alters his declaration. Agreements of that kind will be construed as applying only to the state of things as they actually existed when the agreements were made. And if a plaintiff will afterwards voluntarily alter the state of things, he cannot insist on the agreement, and thereby *abridge* the defendant's right to plead the statute of limitations to *a declaration essentially different*, and not in *the contemplation of the parties when they made this agreement*.

3. The agreement in this case was made by the intestate. And the amendment is made against the administrator. The amendment is material. See this case decided at the last term.

4. An agreement not to plead the statute of limitations to one declaration, cannot preclude the party from filing that plea to *another and different declaration*.

J. T. MORGAN, for the defendant in error.—1. As to the

right to require the plea of the statute of limitations, see 1 Gallison, 124, 125; 2 Tidd, 643, 644; Miller v. Watson, 6 Wendell, 506; Green v. Gill, 5 Mass. 379.

2. The statute was not a bar to this suit before the writ was served; and the agreement not to plead the statute must have been made with reference to the very predicament in which the cause is now placed.

ORMOND, J.—It is very certain, and indeed is not denied, that the court had power to impose terms upon the defendant, as the condition upon which he should be relieved from the effect of his default, the judgment against him be set aside, and he be permitted to plead to the action. The condition having been accepted, the only question is, whether it applied only to the declaration then on file, and whether he was exonerated from a compliance with its terms, upon the declaration being amended.

From the nature of the condition imposed on the defendant, and accepted by him, it appears that it applied to the action, and not to the declaration. The plea of the statute of limitations, which the defendant agreed not to plead, would go to the entire action, and not to the form of the declaration. It is impossible therefore to suppose, that the condition was imposed in reference to the declaration then on file; it was manifestly in reference to the debt sought to be enforced, as to which the defendant agreed, in effect, that it was not barred by the statute of limitations when the action was commenced. This agreement, from its very nature, must continue in force until the action, in reference to which it was made, is determined. The court therefore did not err in striking out the plea.

Judgment affirmed.